

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————

No. 02-26-00223-CV

————————————————

IN THE INTEREST OF A.W., A CHILD

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-767654-25

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

This is an ultra-accelerated appeal[1] in which Appellant J.K. (Mother)[2] appeals the trial court's order terminating her parent–child relationship with her son, A.W. (Son).[3] The trial court found that the Texas Department of Family and Protective Services (the Department) had proved four conduct-based grounds for termination of Mother's parental rights and that termination was in Son's best interest.[4] *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (Q), (b)(2). The trial court awarded permanent managing conservatorship of Son to the Department. Mother appealed.

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of an appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after the notice of appeal is filed).

[2]To protect the child's identity, we refer to him and his parents by their familial relationship. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[3]In the same order, the trial court also terminated the presumed father's, the alleged father's, and the unknown father's parental rights to Son.

[4]The trial court heard evidence that Mother was a drug addict; that she had used drugs while pregnant with Son, including using methamphetamines two days before his birth; that Son tested positive for amphetamines at birth; that Mother was non-complaint with drug testing; that she had two prior alternative response cases with the Department; that she was a registered sex offender; that she had been twice incarcerated; that she had been arrested—months after the Department filed its petition—for failing to register as a sex offender and possessing a controlled substance and for violating her bond by testing positive for amphetamine and methamphetamine; that she was schizophrenic and bipolar; that she had never had a stable residence; and that she had missed several visits with Son due to her incarceration.

## II.  BACKGROUND

Mother's appointed appellate counsel has filed a motion to withdraw and a brief averring that after diligently reviewing the record, she believes that the appeal is frivolous.[5]  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases).  The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.

We notified Mother that the brief had been filed and provided her with the opportunity to obtain a copy of the appellate record and to file a pro se response, but she did not do so.  The Department has declined to file a responsive brief.

## III.  DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist.  *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  We also consider the *Anders* brief itself and any pro se response.  *In re K.M.*, No. 02-18-00073-CV,

---

[5]Counsel has also certified that she informed Mother of (1) the motion to withdraw, (2) her right to file a pro se response, (3) her right to review the appellate record, (4) the process for obtaining the appellate record, and (5) her right to seek review before the Texas Supreme Court.

2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no arguable grounds for appeal, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's judgment terminating Mother's parent–child relationship with Son.

Regarding counsel's motion to withdraw as Mother's appellate counsel, the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, we deny counsel's motion to withdraw, and she remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved of those duties. *See P.M.*, 520 S.W.3d at 27–28; *In re L.B.*, No. 02-25-00083-CV, 2025 WL 1909329, at *2 (Tex. App.—Fort Worth July 10, 2025, no pet.); *see also* Tex. Fam. Code § 107.016(2)(C).

## IV. CONCLUSION

Having agreed with Mother's counsel that Mother's appeal is frivolous, we affirm the trial court's termination order. *See* Tex. R. App. P. 43.2(a).

4

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 6, 2026

5